IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

CYNTHIA WATSON

V                                                                CAUSE NO.

THE STANDARD, INC

NIKE INC. Group Short /Long Term
Disability Insurance Plan

and

NIKE, INC.

### PLAINTIFF'S COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA AND CIVIL RIGHTS VIOLATIONS

COMES NOW, Plaintiff **CYNTHIA WATSON** , and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability benefits due under an employee benefits plan under ERISA, and for Defendant' violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as other statutory and common law violations more fully set forth in the complaint herein.

JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claim for benefits under short and long term disability benefits .  Jurisdiction is invoked under the  federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).  Plaintiff's claims "relate to" an

"employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Group Short and Long Term Disability Insurance Program constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1, provide a mechanism for administrative or internal appeal of benefit denials.   The plaintiff formally appealed her administrative or internal appeal of the denial of benefits but has yet to receive a final decision or correspondence in reference to said appeal although said appeal was filed on or before June 5, 2009.   The plaintiff contends therefore that the defendants has failed to effectuate the policy and procedures of the act.

3. Venue is proper within the Western District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

PARTIES

4. Plaintiff,  CYNTHIA WATSON , (hereinafter, "Plaintiff"), is currently and was at all Shelby County State of Tennessee.

5. Plaintiff alleges upon information and belief that Defendant  , NIKE SHORT/LONG TERM DISABLITY INSURANCE PLAN ( The Plan) funded by  THE STANDARD Policy # 631510  is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.  According to plan documents, the Plan may be served with process by serving the plan sponsor:

6. Plaintiff alleges upon information and belief that defendant , THE STANDARD (hereinafter "The Standard"), is the party obligated to determine eligibility for benefits under the Plan, and the party responsible for paying benefits to claimants found disabled under the Plan.

7. Plaintiff alleges upon information and belief that defendant NIKE, INC. (hereinafter, "NIKE"), is, and at all relevant times was, the Plan Sponsor and Plan Administrator of the Plan and of other benefit plans under which Plaintiff may be entitled to benefits pursuant to a finding of disability.  NIKE was also Plaintiff's employer and may be served with process in care

8. THE Standard insures the benefits due under the plan and is the party obligated to pay any benefits owed to Plaintiff by the plan.   THE  Standard is an insurance company authorized to transact the business of insurance in this state and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, 5thFloor, Nashville, Tennessee 37243.

FACTS

9. Defendant THE STANDARD,  is the entity responsible for processing claims and adjudicating appeals under the Plan.

10. The Plaintiff was employed by Defendant NIKE, INC  as a senior accounts representative and was thereby a participant or beneficiary of the Plan and is covered by

the policies that provide benefits under the Plan.  The Plaintiff ceased work due to a disability while covered under the Plan.

11. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

12. THE Standard refused to pay STD and LTD benefits to Plaintiff according to its obligations under the Plan despite being provided with evidence of Plaintiff's permanent disability.   The Standard failed to adhere to the rules, policies and procedures in effectuating an appeal filed by the plaintiff thereby denying her STD and LTD, as well as all other benefits under the plan.

13. The Plaintiff timely submitted medical evidence to Defendant Standard in support of his claim for benefits and requested that a favorable decision be made on her claim.

14. The Standard approved benefits for a short time and then denied the claim, the Plaintiff timely appealed the denial.  The defendants failed to acknowledge the appeal in a timely fashion - as the appeal was filed in 2009 and  no further communications or decision was forthcoming from The Standard.   The Plaintiff has now exhausted her administrative remedies for her claim for benefits under the Plan pursuant to ERISA.

15. The Court's standard of review for ERISA claims is de novo under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

16. The entity that chose to deny benefits AND/OR ignore the rights of CYNTHIA WATSON to enforcement under the plan would pay any LTD benefits due out of its own funds.

17. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

18. The entity that made the decision to deny benefits allowed its concern over its funds to influence its decision-making.

19. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

## CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
## PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates all the allegations contained in paragraphs 1 through 19 as if fully stated herein and says further that:

20. Under the terms of the Plan, Defendants agreed to provide Plaintiff with short and long-term disability benefits in the event that Plaintiff became disabled as defined in the LTD portion of the Plan.

21. Under the terms of the Plan, Defendants agrees to provide information required b ERISA's reporting and disclosure requirements, as well as act timely in addressing the appeal by the beneficiary of the plan. The Defendants failed to act in accordance with the Plan requirement under ERISA.

22. Plaintiff is disabled under the terms of the Plan.

23. Defendants failed to provide benefits due under the STD and LTD portion of the Plan, and this denial of benefits, along with other, to Plaintiff constitutes a breach of the Plan.

24. The decision to deny benefits and ignore the plaintiff's request for benefits, process and policy was wrong under the terms of the Plan.

25. The decision to deny benefits and decision-making process were arbitrary and capricious.

26 The decision to deny benefits was not supported by substantial evidence in the record.

27. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

28. The appellate procedures did not provide the Plaintiff a full and fair review.

29. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision making process free of influence by self-interest.

30. The Defendants violated the fiduciary duties owed the Plaintiff.

31. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable when the Plaintiff remains disabled under the terms of the Plan.

32. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## CIVIL RIGHTS VIOLATIONS NIKE, INC.

The plaintiff restates paragraphs as if fully copied herein.

33. The plaintiff, Cynthia Watson, was an employee of NIKE, Inc. from 1996 until 2009. In February of 2008, she became ill and was forced to apply for short term disability. Prior to becoming ill, Cynthia Watson, an ordained minister had applied for the use of the facilities at Nike for the Free Will Bible Study Group. through the corporate initiative at NIKE. Other groups had been allowed to use the room without limitation. In 2008, the plaintiff was contacted by Lisa Terry, the Human Resource Representative who informed the plaintiff that the FREE WILL BIBLE STUDY GROUP could no longer hold meetings in the room. Comparatively other groups were not denied the use of the room. Further plaintiff asserts that at no time did the FREE WILL BIBLE

STUDY GROUP take a position against any other organization as it related to race, sex, gender, ethnicity or otherwise.   The plaintiff believes that she was denied access to the room based upon race, gender and religion.

34.  After the plaintiff became  ill and was unable to return to work  she was informed by Lisa Terry that NIKE, Inc. would not be able to save her original position  when she return to work.  Later Lisa Terry terminated the plaintiff despite having knowledge of the plaintiff's continual illness documented by physicians.

35.  The plaintiff contends further that whites similarly situated received all benefits; retained their position at the company and were not terminated.

36.  The actions herein complained of are in violation of 42 USCS 1981 and 1991 as amended as it relates to disparate treatment and impermissible classifications based upon race.

37.  The plaintiff seeks damages more specifically  set forth in the paragraph marked damages.

## WRONGFUL TERMINATION IMPERMISSIBLE CLASSIFICATION

The plaintiff restates paragraphs  1-38 as if fully copied herein .

38. The plaintiff contends that she was denied the benefits of her job and wrongfully terminated based upon her race, disability, gender and religion as more specifically set forth in the paragraph marked 33-35.

39. The defendant, NIKE, INC. contends that the plaintiff was terminated because she failed to communicate that she was still under a physician's care . The plaintiff asserts that the basis for termination was a pretext.

40. The plaintiff seeks damages proximately caused by the actions of the defendant, NIKE, INC.

PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests that this Court grant him the following relief in this case:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled though the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in

the future so long as Plaintiff remains disabled under the terms of the Plan;

5. An Order requiring the Plan Administrator to provide benefits under any other employee benefit plan in which Plaintiff was enrolled and may be entitled to benefits pursuant to a finding of disability;

6. Compensatory damages in the amount of $100,000.00

7. Punitive damages in the amount of $100,000.00

8. Plaintiff's reasonable attorney fees and costs; and

9. Such other relief as this Court deems just and proper.

Dated this 3rd day of January, 2011

    Respectfully submitted

/s/Wanda Abioto
5627 NE 26th Avenue
Portland, OR 97211
(901) 596-4928 Telephone
(662) 368-1492 Facsimile
Abioto@hotmail.com
Abiotolaw@gmail.com