IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA WATSON, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>THE STANDARD, INC., NIKE INC. )<br>GROUP SHORT/LONG TERM )<br>DISABILITY INSURANCE PLAN, and )<br>NIKE, INC., )<br>)<br>    Defendants. )<br>) | No. 2:12-cv-2002-JPM-cgc |

**JUDGMENT**

    **JUDGMENT BY COURT.**  This action having come before the Court on the parties' Joint Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (ECF No. 34), filed January 10, 2013,

    **IT IS ORDERED, ADJUDGED, AND DECREED** that all ERISA claims by Plaintiff Cynthia Watson ("Plaintiff" or "Watson") against Defendants The Standard, Inc. ("The Standard") and Nike Inc. Group Short/Long Term Disability Insurance Plan ("the Plan") may be and hereby are DISMISSED WITHOUT PREJUDICE.  Plaintiff and Defendants each bear responsibility for their own attorneys' fees, costs, and other expenses incurred in connection with this case.

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all ERISA claims by Plaintiff against Defendant Nike, Inc. ("Nike") may be and hereby are DISMISSED WITH PREJUDICE.  Plaintiff and Defendant Nike each bear the responsibility for their own attorneys' fees, costs, and other expenses incurred in connection with the case.

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all non-ERISA claims by Plaintiff against all Defendants may and hereby are DISMISSED WITH PREJUDICE.  Plaintiff and Defendants each bear the responsibility for their own attorneys' fees, costs, and other expenses incurred in connection with the case.

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that The Standard, as claims administrator, will review Plaintiff's ERISA

claims pursuant to the Plan.  After exhausting the administrative remedies, if Plaintiff is unsatisfied with the result and chooses to pursue a lawsuit under ERISA against The Standard and/or the Plan, then it is agreed that those Defendant(s) will not raise as a defense any procedural or timeliness issues related to the filing of the above-referenced lawsuit (No. 2:12-cv-2002-JPM-cgc) or the previously filed and dismissed lawsuit (Watson v. Nike, et al., No. 2:10-cv-2456-JPM-cgc).  Nor will Plaintiff, The Standard, or the Plan raise any issue of timeliness during the pendency of review from March 29, 2012, to January 31, 2013.  The Standard and the Plan remain free to raise any other defenses that might exist if a future lawsuit is filed, including, without limitation, any new timeliness issues that may then exist.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, after exhausting the administrative remedies, if Plaintiff is unsatisfied with the result and chooses to pursue a lawsuit under ERISA against The Standard or the Plan, Plaintiff will not bring an ERISA claim against Nike.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff and/or her representative will produce to The Standard the information requested in its March 29, 2012, letter by January 31, 2013, which includes the signature for the release of medical records to the Defendant(s) for the purpose of determining disability.  Plaintiff understands that the initial production should be sent to the analyst who authored the March 29, 2012, letter, but that subsequent productions may be requested by whichever benefits analyst is assigned to review the claim.

APPROVED:

s/ JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

January 10, 2013
Date